# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. ROBERT A. NORRIS and LIDA MEADOR

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 4860A & B    Leon Burns, Jr., Judge**

_____

**No. E1999-00485-CCA-R3-CD - Decided June 2, 2000**

JUDGE RILEY concurring in part; dissenting in part.

I concur in all respects with the scholarly opinion by Judge Witt relating to the invalidity of the search warrant and dismissal of charges as to the Defendant Norris. However, I respectfully disagree with the majority's conclusion that Defendant Meador, who received judicial diversion, cannot appeal to this court pursuant to Tenn. R. Crim. P. 37(b)(2)(i). I would not dismiss her appeal.

The lead opinion relies upon a minority position in State v. Stephen J. Udzinski and Donna Stokes, C.C.A. No. 01C01-9610-CC-00431, Dickson County (Tenn. Crim. App. filed February 5, 1998, at Nashville), *no perm. to app. filed*, and also relies upon State v. Glenna Kidd, C.C.A. No. 01C01-9808-CR-00344, Wilson County (Tenn. Crim. App. filed May 13, 1999, at Nashville), *no perm. to app. filed*. In *Glenna Kidd* defendant entered a guilty plea, was granted judicial diversion, and filed a *pro se* notice of appeal contending she was coerced into entering the guilty plea. She was attacking the validity of her guilty plea and did not enter her guilty plea reserving a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2). Clearly, she did not come within the requirements of Tenn. R. Crim. P. 37(b). Although the panel concluded that judicial diversion cannot immediately give rise to an appeal as of right, this conclusion was unnecessary for the disposition of the appeal. Accordingly, I believe *Glenna Kidd* is distinguishable.

The essence of the majority's holding is that one who enters a guilty plea and consents to judicial diversion cannot reserve a certified question of law pursuant to Tenn. R. Crim. P. 37(b), since there is no "judgment of conviction." I would note that a defendant may also be placed on judicial diversion even after a contested jury trial, assuming the defendant is agreeable. *See* Tenn. Code Ann. § 40-35-313(a)(1)(A). According to the logic of the majority opinion, such a defendant would have no appeal as of right relating to the guilty verdict since there would be no "judgment of conviction."[1] According to the majority, such a person could appeal the guilty verdict as of right

_____

[1]This court has in fact previously entertained an appeal as of right for a defendant who was convicted at a jury trial and placed on judicial diversion. *See* State v. Stephanie Y. Dowagiac,

only if and when <u>judicial diversion were later revoked</u> and defendant sentenced by a "judgment of conviction." I do not believe that such an unusual result is contemplated by the Tennessee Rules of Appellate Procedure or the Tennessee Rules of Criminal Procedure.

It would further appear that such a defendant could not secure an interlocutory extraordinary appeal pursuant to Tenn. R. App. P. 10 upon agreeing to judicial diversion. To secure an extraordinary appeal, a defendant must show either that (1) the trial court "so far departed from the accepted and usual course of judicial proceedings as to require immediate review;" or (2) the appeal is necessary for a "complete determination of the action on appeal as otherwise provided in these rules." Tenn. R. App. P. 10(a). Such a high standard for review would not be met in the ordinary case.

The majority opinion places a defendant securing judicial diversion in a "catch 22." If a defendant pleads guilty and agrees to judicial diversion, such a defendant could not appeal reserving a certified question of law. On the other hand, if such a person pled guilty and agreed to a judgment of conviction with a sentence imposing the same terms of probation as would be imposed for judicial diversion, such a person could appeal reserving a certified question of law. Likewise, if a defendant were convicted at a jury trial and agreed to judicial diversion, such a defendant would forfeit a sufficiency of the evidence appeal as of right at the time he or she agreed to judicial diversion.[2] On the other hand, if such a defendant rejected judicial diversion and demanded a sentence resulting in a judgment of conviction, such a defendant could appeal as of right at that time. Surely, our rules do not contemplate such a "catch 22" result.

Tenn. R. Crim. P. 37(b) expressly authorizes an appeal from an "order" as well as a "judgment." Reading the Tennessee Rules of Appellate Procedure and the Tennessee Rules of Criminal Procedure *in pari materia* with the judicial diversion statute, I can only conclude that a person receiving judicial diversion based upon a guilty plea and ordered to be on probation can immediately appeal that order by properly reserving a certified question of law; and, similarly, I can only conclude that a defendant convicted at a jury trial who agrees to judicial diversion may immediately appeal as a matter of right.[3]

For these reasons, I respectfully disagree with the majority's dismissal of Defendant

---

C.C.A. No. 02C01-9610-CR-00353, Shelby County (Tenn. Crim. App. filed October 13, 1997, at Jackson) (defendant challenged sufficiency of the evidence).

[2]As stated in footnote 1, this court has previously entertained such an appeal as of right.

[3]Tenn. Code Ann. § 40-11-130(b) requires a defendant on "post-plea diversion," which is another name for judicial diversion, to post bond upon an appeal to this court. Defendants on "post-plea diversion" are placed in the same category as defendants on pre-trial diversion, community corrections, probation and defendants who are fined. *Id.* Implicitly, this statute recognizes the same right to appeal by all such defendants.

Meador's appeal.  I would vacate her plea and dismiss the charges against her.